Filed 5/14/24  P. v. Juarez CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B329445 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. VA112098) |
| v. | |
| HENRY DOMINGUEZ JUAREZ, | |
| Defendant and Appellant. | |

APPEAL from a postjudgment order of the Superior Court of Los Angeles County, Lisa S. Coen, Judge.  Affirmed as modified.

Christine M. Aros, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Defendant Henry Dominguez Juarez appeals from the trial court's order denying his petition for resentencing under Penal Code section 1172.6 (former 1170.95).[1] Defendant's appointed counsel found no arguable issues and filed a brief under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), and defendant then filed a letter brief. Finding none of his arguments meritorious, we affirm. We modify the abstract of judgment to show that defendant was convicted of murder in the second degree.

In 2009, Javier Gonzalez and his girlfriend drove to pick up a large amount of methamphetamine that Gonzalez and defendant intended to sell.[2] Gonzalez was a gang member. After picking up the drugs, he and his girlfriend were driving to her house when they saw several men standing around in a territory claimed by a rival gang. Gonzalez called defendant and asked him if he "wanted to play." Gonzalez and his girlfriend picked defendant up from his house, and the three drove to where the group of men remained standing around. Gonzalez told his girlfriend he was going to "bang on those fools," and he and defendant got out of the car and sprinted to the corner. A shootout ensued. No one in the group of men standing on the corner was injured, but Gonzalez was hit by a bullet. He and defendant returned to the car driven by Gonzalez's girlfriend, where Gonzalez said to defendant, "You fucking shot me, dick." Defendant responded, "No, no, no. They shot back." The girlfriend took Gonzalez to the hospital, where he later died.

---

[1] All statutory references are to the Penal Code.

[2] We draw this factual summary from the opinion addressing defendant's direct appeal. (*People v. Juarez* (Oct. 1, 2012, B234578) [nonpub. opn.].)

In 2011, a jury convicted defendant of a second degree murder (§ 187, subd. (a)), three attempted murders (§§ 664, 187, subd. (a)), being a felon in possession of a firearm (§ 12021, subd. (a)(1)), and, as to all counts, found allegations true that defendant personally discharged a firearm (§ 12022.53) and committed the crimes in furtherance of a criminal street gang (§ 186.22). The trial court sentenced defendant to a total of 70 years to life in state prison.

The judgment of conviction against defendant was affirmed on direct appeal. (*People v. Juarez, supra,* B234578.)

In 2021, defendant filed a petition for resentencing under section 1172.6 on his own behalf. The trial court appointed counsel for defendant, and the People filed a response to the petition, to which it attached the opinion on direct appeal and the jury instructions.

In 2023, the trial court convened the prima facie hearing, at which it denied the petition, finding defendant ineligible for resentencing because "the jury was not instructed on felony murder or natural [and] probable consequences, and no theories were used that would impute liability on a co-perpetrator."

Defendant filed a timely notice of appeal.

Defendant's appointed counsel filed a brief pursuant to *Delgadillo, supra*, 14 Cal.5th at pages 231-232 raising no issues. On January 17, 2024, defendant filed a handwritten letter brief. We limit our consideration to the issues raised in defendant's brief. (*Delgadillo*, at p. 232.)

## DISCUSSION

In 2018, our Legislature amended the definition of "murder" to preclude a jury from "imput[ing]" the "malice" element "based solely on [a defendant's] participation in a crime."

3

(§ 188, subd. (a)(3).)  The purpose of this amendment was to ensure that "[a] person's culpability for murder [is] premised upon that person's own actions and subjective mens rea."  (Stats. 2018, ch. 1015, § 1(g).)  As amended, liability for murder is generally limited to those who (1) are the actual killer, (2) aided or abetted the actual killer in the murder, or (3) were a major participant in the underlying felony that resulted in the killing, but only if they also acted with reckless indifference to human life.  (§§ 188, subd. (a)(3), 189, subd. (e).)  Section 1172.6 is the procedural vehicle by which those convicted can seek to vacate convictions that do not satisfy the definition of "murder" as amended.

Defendant first argues that the jury was improperly instructed on transferred intent even though that doctrine does not apply to attempted murder.  Defendant appears to be raising the same argument he raised on direct appeal, that "the trial court erred in failing to restrict the use of the transferred intent instruction . . . to the murder allegation," which this court rejected because the instruction "correctly state[d] the law with respect to transferred intent."  Transferred intent falls outside the purview of section 1172.6.  (*People v. Lopez* (2024) 99 Cal.App.5th 1242, 1249 ["Nothing in the language of [Senate Bill No. 1437] demonstrates or even reasonably suggests that, when eliminating the natural and probable consequences doctrine, the Legislature also intended to abolish the doctrine of transferred intent"]; see also *People v. Burns* (2023) 95 Cal.App.5th 862, 865 ["Section 1172.6 does not create a right to a second appeal"].)

Second, defendant refers to a "pro[voc]ative act argument," but does not articulate what the argument is.  (See *People v.*

*Wilkinson* (2004) 33 Cal.4th 821, 846, fn. 9 [a court may " ' "pass . . . without consideration" ' " a defendant's "fleeting reference" made without "any argument"].)  Defendant cites *People v. Lee* (2023) 95 Cal.App.5th 1163 (*Lee*) as "updat[ing]" the "pro[voc]ative act argument."  In that case, the court of appeal reversed an order denying a section 1172.6 conviction at the prima facie stage because the defendant's 1994 conviction preceded *People v. Concha* (2009) 47 Cal.4th 653 (*Concha*), in which our Supreme Court for the first time expressed that a defendant must personally harbor malice to be convicted of provocative act murder.  (*Lee*, at pp. 1180-1182.)  Although the jury here did receive provocative act instructions, *Lee* does not aid defendant who was convicted in 2011, after *Concha* had been decided.  (E.g., *People v. Flores* (2023) 96 Cal.App.5th 1164, 1173 (*Flores*).)

Finally, defendant suggests that his conviction might rest on the now defunct natural and probable consequences doctrine because the jury was instructed with CALJIC No. 3.40, concerning causation, that Gonzalez's cause of death "is an act that sets in motion a chain of events that produces as a direct, natural and probable consequence . . . the death."  This precise argument has been repeatedly rejected, including in *People v. Carney* (2023) 14 Cal.5th 1130, 1147, in which our Supreme Court stated that "the reference to 'direct, natural and probable consequence' in [CALJIC No. 3.40], which deals with the actus reus of murder, does not implicate concerns regarding imputed mens rea and vicarious liability identified in . . . Senate Bill No. 1437."  (Accord *People v. Carr* (2023) 90 Cal.App.5th 136, 146.)

The abstract and amended abstracts of judgment reflect defendant's murder conviction as one in the first degree, but the

opinion from the direct appeal (*People v. Juarez, supra,* B234578) indicates that defendant was convicted for second degree murder, which the People concede is correct. The trial court also stated at the sentencing hearing that "the jury found . . . defendant not guilty of first degree murder but guilty of murder in the second degree" and sentenced him accordingly.

### *DISPOSITION*

We affirm the order denying defendant's section 1172.6 petition and modify the abstract of judgment to reflect defendant's conviction for second degree murder.


LEE, J.[*]

WE CONCUR:


BAKER, Acting P. J.


MOOR, J.

---

[*]     Judge of the San Bernardino County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.